DECISION
{¶ 1} In this original action, relator, Johnson Controls, Inc., requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate *Page 2 
its order which granted wage loss compensation to respondent Rolando Montez ("claimant"), and to deny claimant's application for wage loss compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Loc. R. 12(M) of the Tenth District Court of Appeals and Civ. R. 53. The magistrate examined the evidence and issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate concluded: (1) the commission failed to address the adequacy of claimant's job search; and (2) the commission had determined a job search, or lack thereof, was irrelevant because claimant found employment. Therefore, the magistrate recommended that this court grant a limited writ of mandamus remanding the matter to the commission with instructions to vacate its order and reconsider the matter after considering and addressing the adequacy of claimant's job search. The commission, relator, and claimant have all filed objections to the magistrate's decision.
 {¶ 3} The magistrate made findings of fact to which no one has objected. Upon review, we adopt said findings of fact as our own. For clarity, however, a brief recitation of facts is necessary at this juncture.
 {¶ 4} Claimant sustained a work-related injury on October 27, 2003 and his claim was allowed for several conditions. Claimant returned to light-duty employment with relator until April 10, 2006, when he was laid off by relator because relator no longer had work available within claimant's restriction. In September 2006, claimant applied for working wage loss compensation from August 1, 2006 forward. A district hearing officer ("DHO") granted claimant's request beginning August 7, 2006. Relator appealed. A staff hearing officer ("SHO") vacated the DHO's order yet granted wage loss compensation *Page 3 
beginning August 7, 2006. Relator's appeal from the SHO's decision was refused and this mandamus action followed.
 {¶ 5} While relator agrees with the magistrate's decision to grant the writ of mandamus ordering the commission to vacate its wage loss award, relator objects to the portion of the magistrate's decision recommending the court remand the claim to the commission to consider the adequacy of claimant's job search. Though recognizing a remand usually follows the commission's failure to address the adequacy of a job search, relator's assertion to do so here would be an effort in futility.
 {¶ 6} Claimant objects to the recommended remand and to the magistrate's finding that a job search was necessary. Thus, claimant requests that this court deny the requested writ of mandamus.
 {¶ 7} The commission contends the magistrate erred in concluding that the commission failed to address the issue of the sufficiency of claimant's job search, and by ordering the commission to rehear the issue. Therefore, the commission requests that this court deny the requested writ of mandamus.
 {¶ 8} In the conclusions of law, the magistrate noted that in considering a claimant's eligibility for wage loss compensation, the commission is required to give consideration to, and base the determination on, evidence relating to factors including claimant's good-faith search for suitable employment, which is comparably paying work. Here, the SHO appears to have concluded that, since claimant secured employment, he did not have to meet the requirement of providing evidence of an adequate job search that would eliminate the wage loss. Hence, the commission did not address the adequacy of the job search because it concluded such was not necessary. We are *Page 4 
unable to determine from the record whether claimant satisfies this requirement or not, which demonstrates the necessity of a remand.
 {¶ 9} While relator contends remanding this matter to the commission would be an effort in futility, we disagree. To determine the adequacy of claimant's job search, the commission may hear additional evidence or look to evidence already contained in the record. Thus, we do not find a remand would be a futile act.
 {¶ 10} The commission and claimant contend there is no reason to remand this matter because an adequate job search is not required in this instance. However, while the Supreme Court of Ohio has held that a job search is not always required to continue after a claimant seeking working wage loss compensation secures employment, i.e., State ex relTimken v. Kovach, 99 Ohio St.3d 21, 2003-Ohio-2450, it is not entirely clear that such is the case presented to us. Rather, before us, is the adequacy of the job search that would entitle claimant to the wage loss compensation, which according to the Ohio Administrative Code is required in order to grant such relief.
 {¶ 11} Claimant did perform a job search prior to securing employment in August 2006, though admittedly it was inadequate to support a non-working wage loss award for that time period, and consequently, claimant is not seeking non-working wage loss compensation for that period of time. Instead, claimant seeks working wage loss compensation beginning at the time he secured employment in August 2006. His activities prior to securing employment, though they may not support an award of non-working wage loss, they may be relevant to the determination of whether or not claimant made a good faith search for suitable employment that entitles him to the working wage loss compensation he is seeking. The issue is not necessarily that a job search continue *Page 5 after he secured employment in August 2006; but, rather, whether there is some evidence of a good faith search for suitable employment, which is comparably paying work, such that claimant is eligible for the wage loss compensation he seeks. As we stated previously, we are unable to determine from the record whether there is "some evidence" to support the commission's determination because the commission did not make a determination, i.e., address the adequacy of the job search. Instead, the commission stated evidence of a job search was irrelevant, which according to the Ohio Administrative Code is not entirely accurate.
 {¶ 12} For the foregoing reasons, the objections to the magistrate's decision are overruled. Accordingly, we adopt as our own the magistrate's decision including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant the requested writ of mandamus and order the commission to vacate its order which granted wage loss compensation to claimant and to reconsider the matter after considering and addressing the adequacy of claimant's job search.
Objections overruled; writ of mandamus granted.
BRYANT, J., concurs separately. TYACK. J., dissents.